ZELENITZ, SHAPIRO & D'AGOSTINO, P.C.
*Attorneys for Plaintiff*
138-44 Queens Boulevard
Briarwood, New York 11435
Tel.: (718) 523-1111


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN D. TVERDY,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **Jury Trial Demanded** |

METRO AUTO BODY INC., and
JOHN ANTONIOLI,
                                                    Defendants.
-------------------------------------------------------------------X


Plaintiff, JOHN D. TVERDY, by and through his undersigned attorneys, for his complaint against Defendants METRO AUTO BODY INC. and JOHN ANTONIOLI, alleges as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay as required by law, (2) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that he is entitled to (1) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (2) compensation for Defendants' violation of the "spread of hours" requirements of New York

Labor Law; (3) liquidated and statutory damages pursuant to New York Labor Law for these violations, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§§1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, JOHN D. TVERDY, for all relevant time periods, was a resident of Queens County, New York.

6.     METRO AUTO BODY INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 96-14 Northern Blvd., Corona, New York. 11368.

7.     Defendant JOHN ANTONIOLI owns and operates the auto body repair shop and towing company under the name of "METRO AUTO BODY INC.", which is located at 96-14 Northern Blvd., Corona, New York 11368.

8.     Upon information and belief, JOHN ANTONIOLI is an owner and principal of METRO AUTO BODY INC., and exercises operational control as it relates to all employees including Plaintiff. He exercises the power to fire and hire employees, supervise and control employees' work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiff. At all time, employees could complain to JOHN ANTONIOLI directly regarding any of the terms of their employment and JOHN ANTONIOLI would have the authority to effect any changes to the quality and terms of

2

employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9.      Defendant JOHN ANTONIOLI was involved in the day-to-day operations of METRO AUTO BODY INC. and played an active role in managing the business.

10.     Upon information and belief, at all relevant times, Defendant METRO AUTO BODY INC. has had gross revenue in excess of $500,000.00.

11.     Upon information and belief, at all relevant times, Defendant METRO AUTO BODY INC.has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12.     At all relevant times, METRO AUTO BODY INC. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 207 (a).

13.     Upon information and belief, at all relevant times, METRO AUTO BODY INC. has constituted an "enterprise" as defined in the FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FACTS

15.     Plaintiff was employed by METRO AUTO BODY INC. from approximately June 2011 through February 2020.

16.     Plaintiff was employed as a tow truck driver.

17.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did no involve executive or administrative responsibilities.

18.     At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

19.     Plaintiff regularly worked six (6) days per week for Defendants.

20.     His regular schedule was Monday to Friday from 7 pm to 7 am, and Sunday from 7 pm to 7 am. As a result, he was working 72 hours per week.

21.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

22.     Plaintiff was paid weekly on a salary basis throughout his employment.

23.     On or about 2013, Plaintiff was paid at a fixed weekly rate of $500 per week.

24.     On or about January 2019, Defendants gave him a raise to$800.00 per week. Plaintiff received this amount for all hours he worked, regardless of the number of hours he worked each day or week, unless he missed work, in which case his pay would be reduced commensurately.

25.     Although Plaintiff regularly worked in excess of 40 hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

26.     Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

27.     Plaintiff worked six (6) shifts per week that lasted in excess of ten (10) hours from start to finish, yet Defendants willfully failedto pay him time and a half hour for each 40 hours of overtime per week, in violation of the New York Labor Law and the supporting New York State

Department of Labor regulations.

## COUNT I

### (Fair Labor Standards Act - Overtime)

28.    Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

29.    At all relevant times, Defendants employed Plaintiff within the meaning of FLSA.

30.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours worked in excess of forty hours per workweek.

31.    As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half time the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., and 29 U.S.C. § 207 (a)(1).

32.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255 (a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

33.    As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216 (b).

## COUNT II

### (New York Labor Law – Overtime)

34.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35.    At all relevant times, Plaintiff was employed by Defendants within the meaning of

the New York Labor Law §§ 2 and 651.

36.    Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

37.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

38.    As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

39.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

40.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law, §§ 2 and 651.

41.    Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day that he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

42.    Defendants' failure to pay the 'spread of hours' premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting

regulations.

43.     As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663 (1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked over 40 per workweek, pursuant to FLSA;

d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked over 40 per workweek, and spread of hours for all shifts exceeding ten (10) hours in duration, pursuant to New York Labor Law;

e) An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

f) Such other and further relief as this Court deems just and proper.

JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: Briarwood, New York
       July 15, 2020

Respectfully submitted,

Lavinia A. Acaru, Esq.
ZELENITZ, SHAPIRO & D'AGOSTINO, P.C.
*Attorneys for Plaintiff*
138-44 Queens Boulevard
Briarwood, New York 11435
(718) 523-1111