UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
            :
JOHN D. TVERDY,                      :
            :
           Plaintiff,     :  **MEMORANDUM DECISION**
            :  **AND ORDER**
      - against -       :
            :
METRO AUTO BODY INC. and JOHN    :  20-cv-3153 (BMC)
ANTONIOLI,                           :
            :
           Defendants.  :
----------------------------------------------------------- X

**COGAN,** District Judge.

       This Fair Labor Standards Act case is before me on plaintiff's motion for default judgment and defendants' motion to vacate the Clerk's entry of default against them. For the reasons below, the motion for default judgment is denied and the motion to vacate the entry of default is granted.

       In deciding a motion for a default judgment, a district court "is guided by the same factors which apply to a motion to set aside entry of a default.'" Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 76 (E.D.N.Y. 2010). Thus, a decision on one of the motions before me is determinative of the other. See id.

       Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." The three factors to be considered are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

       Although the decision to vacate a default judgment is left to the district court's discretion, the Second Circuit has "expressed a strong 'preference for resolving disputes on the merits.'"

1

New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted).  Given that a default judgment is "the most severe sanction which the court may apply," in deciding whether to vacate a default judgment "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Id. (citations omitted).  "Default judgments 'are generally disfavored and are reserved for rare occasions.'" State St. Bank and Tr. Co., 374 F.3d at 168 (quoting Diakuhara, 10 F.3d at 96).  The criteria for vacating a default, including the meritorious defense factor, are thus construed generously.  See id.

All criteria favor vacating the default here.  First, a finding of willfulness is only appropriate "where 'there is evidence of bad faith' or the default arose from 'egregious or deliberate conduct,'" and any doubt about willfulness should be resolved in defendants' favor. Addison, 272 F.R.D. at 77 (citations omitted).  The individual defendant, Mr. Antonioli, was served on July 22, 2020 by leaving the summons and complaint with a co-worker at his place of work, but due to initial improper service by plaintiff, the corporate defendant, Metro Body Auto Inc., was not served until September 3, 2020.  Defense counsel did not enter an appearance until October 20, 2020 – eighteen days after entry of Metro Auto Body's default and nearly two months after entry of Mr. Antonioli's default – at which time he attempted to submit the defendants' answer.

Mr. Antonioli's affidavit demonstrates that his default was not deliberate or done in bad faith.  Beginning in mid-June 2020, he was not regularly at work due to his mother's illness and death at the end of August.  Because he was not at work during this time, he did not receive the complaint when it was left with one of his coworkers.  Mr. Antonioli was not aware of the suit against him and Metro Auto Body until September 22, 2020, the date he received a copy of the

complaint from the New York Department of State.  Then, due to the COVID-19 public health crisis, there were delays in Mr. Antonioli's ability to find a lawyer and obtain payroll records from his accountant, which he needed to answer the complaint.  Mr. Antonioli's conduct and the resultant delay is certainly not a model of diligence, but it does not rise to the level of bad faith.

Second, plaintiff puts forth no argument that he would suffer prejudice sufficient to defeat defendants' motion.  "[D]elay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).  Instead, plaintiff must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Id. (internal quotations omitted).  Plaintiff alleges no risk of this nature, and I have no reason to believe that any of these issues would come to pass.

Third, defendants have presented a meritorious defense.  "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage.  'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'"  Am. All. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted).  "Though '[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense,' such evidence "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'"  Addison, 272 F.R.D. at 81.

Here, defendants claim that plaintiff was properly paid all money owed to him, which constitutes a meritorious defense.  See id.; Franco v. Ideal Mortg. Bankers, Ltd., 07-CV-3956, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010).  Mr. Antonioli's affidavit does not simply state in a conclusory fashion that all amounts owed were paid but sets forth nearly ten pages of specific details about plaintiff's work hours and pay that directly contradict plaintiff's claims.

This is more than sufficient to satisfy defendants' burden at this stage.

Defendants' motion to vacate the entry of default is granted and the plaintiff's motion for default judgment is denied.

**SO ORDERED.**

Digitally signed by<br>
Brian M. Cogan<br>
_____<br>
U.S.D.J.

Dated: Brooklyn, New York
       December 12, 2020