# Zelenitz, Shapiro & D'Agostino, P.C.

Attorneys At Law
138-44 Queens Boulevard
Briarwood, New York 11435
Tel: (718) 523-1111
Fax: (718) 725-9606

Bradley M. Zelenitz
David A. Shapiro
Lisa A. D'Agostino

Dominic A. Baylon
Emily Clarke
Sarah Smith
Nicholas P. Stockton
Marc S. Lewis
Brittany L. Froning
Samantha Surdi
Lavinia A. Acaru

December 23, 2020

**Via ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: John D. Tverdy v. Metro Auto Body Inc. and John Antonioli
     Docket No. 20-cv-03153 (BMC)

Dear Judge Cogan,

  Counsel for the parties submit this joint letter in accordance with Your Honor's part rules, and in advance of the initial status conference scheduled for December 30, 2020 at 2:15 p.m.

**Nature of the action and principal defenses**

  This is a wage-and-hour lawsuit brought by a former tow truck driver at Defendants' auto body repair shop, mechanic and towing business. The complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; New York Labor Law ("NYLL") §§ 663 and 198; and 12 New York Code, Rules and Regulations ("NYCRR") §146 to recover overtime compensation, unpaid spread of hours compensation, and damages pursuant to the FLSA 29 U.S.C. §§ 201 et. seq. and damages pursuant to NYLL.

  Defendants maintain:

  Plaintiff was employed by Defendant Metro Auto Body Inc. since approximately 2011, and that Plaintiff was paid in full for all hours that he worked, including for overtime from 2011 to the last day of work by Plaintiff. Plaintiff worked for Defendant Metro Auto Body Inc. for approximately nine (9) years, and he was paid for overtime anytime that he worked over 40 hours per week. Plaintiff is making false claims in his complaint by

Hon. Brian M. Cogan, U.S.D.J.
December 23, 2020
Page 3 of 3

claiming that he worked 69 hours every week for 6+ years. Defendants maintain payroll records which demonstrate that Plaintiff was paid for each hour worked.

**Subject matter jurisdiction and venue**

There are no disputes relating to subject matter jurisdiction and venue. The case arises under the FLSA, a federal statute, providing the Court with original jurisdiction pursuant to 28 U.S.C. §§§1331, 1337, and 29 U.S.C. §216(b). The Court has supplemental jurisdiction under 28 U.S.C. §1367(a). Plaintiff worked at Defendants' Queens auto body repair shop, mechanic and towing business. As such, pursuant to 28 U.S.C. §1391, the Eastern District of New York is the proper district for the case to be heard.

**Deadlines**

There are no deadlines yet set in this case.

**Motions**

There are no outstanding motions (or requests to file motions).

**Discovery**

Defendants state they have employment records; plaintiff will of course need to see the extent and nature of those records.

**Settlement**

The parties have not participated in a settlement conference.

**Additional information**

The Plaintiff intends to amend his complaint as a potential collective action, and Plaintiff intends to move for preliminary certification. The parties have not discussed the issue or whether or not defendants will consent to the collective certification.

There is no other information that the parties believe may assist this Court in resolving the action at this time.

Hon. Brian M. Cogan, U.S.D.J.
December 23, 2020
Page 3 of 3

                                           Respectfully submitted,

ZELENITZ, SHAPIRO & D'AGOSTINO, P.C.       ROSEN LAW LLC
*Attorneys for Plaintiff*                                        *Attorneys for Defendants*

_____                      _____
Lavinia A. Acaru, Esq.                                  Gary Rosen, Esq.
138-44 Queens Boulevard                         216 Lakeville Road
Briarwood, New York 11435                    Great Neck, New York 11020
(718) 523-1111                                             (516) 437-3400
lacaru@zsdlaw.com                                 grosen@rosenlawllc.com